IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VERNON E. TUBMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-139 |
| | ) | |
| RICHARD ROUNTREE, Sheriff, Richmond | ) | |
| County Jail, C.B.W.D.C., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), the Court will screen Plaintiff's complaint in compliance with the IFP statute, 28 U.S.C. §§ 1915(e) and 1915A.

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

In his amended complaint Plaintiff names the following defendants: (1) Sheriff Richard Rountree; (2) Gene Johnson, a major at the Richmond County Jail; and (3) Captain Huffman, another apparent employee at the Richmond County Jail. (See doc. no. 1, pp. 1, 4.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff fell and injured his right knee on May 5, 2012 after attempting to get off the top

bunk, even though his profile was for a bottom bunk. (Id. at 5.) Plaintiff filed a sick call the next day and on May 8, 2012, but he was not seen by anyone until May 10, 2012. (Id.) Plaintiff was told on May 10, 2012 to elevate and ice his knee but no relief resulted from those measures. (Id.) Plaintiff continued to file sick calls but was not seen again by medical staff until May 27, 2012 after his mother called and informed the head nurse about his injury. (Id.) Plaintiff was given an x-ray, the results of which were not disclosed to him. (Id.) On May 30, 2012, Plaintiff was moved to a bottom range and slept on the floor until a bottom bunk became available to him. (Id.) On June 18, 2012, Plaintiff was transferred to Whitworth Parole Center where his injured knee was documented. (Id.) Even after months of therapy, Plaintiff's knee remained swollen and in pain. (Id.)

**B.    DISCUSSION**

  **1.    Legal Standard for Screening.**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. The Complaint Should Be Dismissed Because Plaintiff Does Not Allege Any Claim Against Any Particular Defendant.

The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal

wrong.")). Here, Plaintiff does not mention any of the Defendants in the substance of his complaint and makes no attempt to connect them to the series of events complained of. (See doc. no. 1, p. 5.) As such, the complaint is legally insufficient under the lenient requirement of Fed. R. Civ. P. 8(a)(2) and does not give Defendants fair notice of the claims against them.

### 3. Plaintiff Fails to State a Claim for Deliberate Indifference to His Serious Medical Needs.

To state a claim of deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) Defendants acted with deliberate indifference to that need, and (3) his injury was caused by Defendants' wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that Defendants: (1) were subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

In addition, as Plaintiff claims that a delay in medical treatment amounted to deliberate indifference, he must allege some "detrimental effect of the delay in medical treatment . . . ." Hill, 40 F.3d at 1188, *abrogated in part on other grounds by* Hope v. Pelzer, 536 U.S. 730, 739 n.9 (2002); see also Farrow v. West, 320 F.3d 1235, 1244 n.12 (11th Cir. 2003) ("In Hope v. Pelzer,

536 U.S. 730, 122 S. Ct. 2508, 153 L.Ed.2d 666 (2002), the Supreme Court criticized part of the qualified immunity analysis in Hill, but not Hill's analysis of what constitutes a serious medical need of prisoners."). Whether such delay amounts to deliberate indifference to a serious medical need depends on the length of the delay as well as "the nature of the medical need and the reason for the delay." Farrow, 320 F.3d at 1247.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow, 320 F.3d at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Moreover, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*).

Plaintiff does not sufficiently allege a serious medical need. Plaintiff alleges a painful and

5

swollen knee put does not point to any specific injury or diagnosis. (See doc. no. 1.) He also does not allege any specific injury as result of the delay in medical care. (See id.) All that can be gleaned from Plaintiff's complaint is that he continued to experience pain and swollenness in his knee. Plaintiff does not allege that such pain was debilitating or impaired his ability to walk or perform daily activities. As such, this is only constitutes a superficial, nonserious injury. Accordingly, "delay or even denial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." Hill, 40 F.3d at 1187-88.

In addition, Plaintiff's allegations, even construed liberally, do not demonstrate that prison officials acted with deliberate indifference to a serious medical need. See Hill, 40 F.3d at 1188; Farrow, 320 F.3d at 1247. Plaintiff admits that he was actually seen by medical staff at the Richmond County Jail. (Doc. no. 1, p. 5.) Plaintiff was told to ice and elevate his injured knee. (Id.) Plaintiff was also given an x-ray when he continued to complain about his knee. (Id.) Here, Plaintiff was actually given medical treatment and disagrees with the treatment given for his knee. (Id.) Mere disagreement with treatment is insufficient to state a deliberate indifference claim. See Smith, 375 F. App'x at 910; Goebert, 510 F.3d at 1326. As a result, Plaintiff's allegations do not state a cognizable § 1983 claim.

In regard to the events actually resulting in the knee injury, Plaintiff does not allege any particular medical need that required him to sleep in a lower bunk. Without pointing to a serious medical need necessitating a lower bunk, Plaintiff cannot show that prison officials' indifference to that need cause him to injure his knee. See Goebert, 510 F.3d at 1326. Consequently, Plaintiff's failure to be given a bottom bunk also does not provide an avenue for § 1983 relief.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED.**

SO REPORTED and RECOMMENDED this 28th day of October, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA